UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Charles Anthony JUDICE,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, et al.,<br><br>        Defendants. | Case No.: 25-cv-0887-AGS-MSB<br><br>**ORDER GRANTING MOTIONS TO DISMISS (ECF 11, 13) AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
|---|---|

  Plaintiff Charles Judice, acting without an attorney, has sued his ex-spouse James Judice, the City of Chula Vista, and other defendants. (*See generally* ECF 8.) Defendants James Judice and Chula Vista both move to dismiss, in large part because Charles Judice's 119-page, often single-spaced amended complaint was so verbose and confusing that defendants were unsure what claims are alleged against them. (*See* ECF 12-1, at 5; ECF 13-1, at 8.) Both also move to dismiss the parts of the complaint that they can discern due to Judice's failure to state a claim. (*See generally* ECF 12-1; ECF 13-1.)

  Despite an opportunity to oppose those motions, Judice never responded. So, he has "waived" and "abandoned" his current claims against both defendants because he failed to "address any of [defendants'] arguments concerning them." *See American Ice Mach. v. Modern Ice Equip.*, 763 F. Supp. 3d 1149, 1156 (S.D. Cal. 2025). At any rate, the Court agrees that the amended complaint, as it stands, is an impermissible "shotgun pleading," that is, a document that "excessively prioritizes breadth over depth, such that the complaint is so vague and ambiguous that the defendants could not reasonably be required to frame a responsive pleading." *See Espino v. Statebridge Co.*, No. 2:24-CV-02347-CDS-DJA, 2025 WL 2659780, at *11 (D. Nev. Sept. 17, 2025) (cleaned up). "Shotgun pleadings" are "unacceptable" because they "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the

1

plaintiff's allegations." *Meggette v. California Dep't of Soc. Servs.*, No. 25-CV-04722-DMR, 2025 WL 2684402, at *3 (N.D. Cal. July 23, 2025) (cleaned up).

Judice's amended complaint has so many digressions and is so rife with seemingly irrelevant details that it fails to provide sufficient notice to either party of the claims against them. (*See, e.g.*, ECF 8, at 9 (including a half-page, single-spaced, standalone digression about how "James did not have any car seats in his car" at the time of the parties' divorce).) Despite its length, the amended complaint also does not explain with any clarity what claims plaintiff intends to bring against which defendant. Although there are headings differentiated by roman numerals (I, II, III, etc.), these do not sensibly appear to be individual counts. For example, the heading "**V. FUNDAMENTAL CONSTITUTIONAL RIGHTS AT ISSUE**" merely precedes a list of seven court cases or constitutional amendments with no tie to any fact or defendant. (ECF 8, at 40.) And the entire amended complaint is a morass of text, devoid of the required numbered paragraphs to permit defendants to sensibly answer each assertion. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."). (*See generally* ECF 8.)

Thus, the amended complaint must be dismissed. Although the other three defendants have not yet moved to dismiss, there is no indication on the record that any were served. And the amended complaint's "shotgun" nature applies to them at least as much as it does the moving defendants. The Court will thus dismiss the entire amended complaint.

Unless "amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities," a dismissal against an unrepresented plaintiff like Judice should be with leave to amend. *See Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). By **November 21, 2025**, Judice may file a second amended complaint. If Judice "does not take advantage of the opportunity to fix his complaint, a

district court may convert the dismissal of the complaint into dismissal of the entire action." *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

Dated:  October 16, 2025

_____
Hon. Andrew G. Schopler
United States District Judge